UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: OJEDA, JESUS § Case No. 11-19715
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on May 09, 2011. The undersigned trustee was appointed on June 09, 2011.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of        $       11,501.17

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 1,458.26 |
| Bank service fees | 125.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 4,000.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]   $ | 5,917.91 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 04/06/2012 and the deadline for filing governmental claims was 04/06/2012. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,500.12. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,001.93, for a total compensation of $1,001.93.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/10/2012      By: /s/NORMAN NEWMAN
                          Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1

Page: 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 11-19715  
**Case Name:** OJEDA, JESUS  

**Trustee:** (330560) NORMAN NEWMAN  
**Filed (f) or Converted (c):** 05/09/11 (f)  
**§341(a) Meeting Date:** 06/09/11  

**Period Ending:** 05/10/12  

**Claims Bar Date:** 04/06/12  

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Homestead at 7653 W. 62nd Pl., Summit, with broth<br>Orig. Asset Memo: Imported from original petition Doc# 1; | 119,500.00 | 0.00 | DA | 0.00 | FA |
| 2 | Household appliances and furniture consisting of<br>Orig. Asset Memo: Imported from original petition Doc# 1; | 300.00 | 0.00 | DA | 0.00 | FA |
| 3 | Necessary wearing apparel.<br>Orig. Asset Memo: Imported from original petition Doc# 1; | 100.00 | 0.00 | DA | 0.00 | FA |
| 4 | 2007 Ford Explorer in good condition with 33,000<br>Orig. Asset Memo: Imported from original petition Doc# 1; | 15,000.00 | 12,600.00 | | 11,501.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 0.17 | Unknown |
| 5 | Assets   Totals (Excluding unknown values) | $134,900.00 | $12,600.00 | | $11,501.17 | $0.00 |

**Major Activities Affecting Case Closing:**

Sold vehicle. Awaiting claims bar date.

**Initial Projected Date Of Final Report (TFR):** October 31, 2012  
**Current Projected Date Of Final Report (TFR):** October 31, 2012

Case 11-19715   Doc 33   Filed 06/12/12   Entered 06/12/12 09:10:33   Desc Main
Document   Page 4 of 15

# Form 2
## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 11-19715  
**Case Name:** OJEDA, JESUS  

**Taxpayer ID #:** \*\*-\*\*\*6385  
**Period Ending:** 05/10/12  

**Trustee:** NORMAN NEWMAN (330560)  
**Bank Name:** The Bank of New York Mellon  
**Account:** 9200-\*\*\*\*\*\*00-65 - Checking Account  
**Blanket Bond:** $5,000,000.00 (per case limit)  
**Separate Bond:** N/A  

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 12/05/11 | {4} | Chicago Liquidators Services | Sale of Ford Explorer | 1129-000 | 11,501.00 | | 11,501.00 |
| 12/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.08 | | 11,501.08 |
| 12/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 11,476.08 |
| 01/10/12 | 1001 | Christopher Matsakis | Compensation as Sales Agent | 3630-000 | | 1,150.10 | 10,325.98 |
| 01/10/12 | 1002 | Christopher Matsakis | Expenses to Sales Agent | 3640-000 | | 300.00 | 10,025.98 |
| 01/31/12 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.09 | | 10,026.07 |
| 01/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 10,001.07 |
| 02/07/12 | 1003 | International Sureties, Ltd. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/07/2012 FOR CASE #11-19715, Bond#016026455 | 2300-000 | | 8.16 | 9,992.91 |
| 02/29/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 9,967.91 |
| 03/14/12 | 1004 | Jesus Ojeda | Exemption on 2007 Ford Explorer | 8100-002 | | 4,000.00 | 5,967.91 |
| 03/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 5,942.91 |
| 04/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 5,917.91 |

|  |  |  |  |
|---|---|---|---|
| **ACCOUNT TOTALS** | | 11,501.17 | 5,583.26 | **$5,917.91** |
| Less: Bank Transfers | | 0.00 | 0.00 | |
| **Subtotal** | | 11,501.17 | 5,583.26 | |
| Less: Payments to Debtors | | | 4,000.00 | |
| **NET Receipts / Disbursements** | | **$11,501.17** | **$1,583.26** | |

Net Receipts : 11,501.17  
Less Payments to Debtor : 4,000.00  
Net Estate : $7,501.17  

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # 9200-\*\*\*\*\*\*00-65 | 11,501.17 | 1,583.26 | 5,917.91 |
| | $11,501.17 | $1,583.26 | $5,917.91 |

{} Asset reference(s)

Printed: 05/10/2012 10:07 AM    V.12.57

BNY MELLON
PO BOX 535413
PITTSBURGH, PA 15253-5413

**BNY MELLON**

**11-19715**
**OJEDA, JESUS, DEBTOR**
**NORMAN B NEWMAN (0000330560)**
**TRUSTEE**
191 N. WACKER DR.
SUITE 1800
CHICAGO, IL 60606

**Statement Period**
April 1 - April 30, 2012

For Customer Service
Call 1-800-634-7734, Ext. 8
Email BMSBankingCenter@bms7.com

## CONSOLIDATED BALANCE SUMMARY

| | Maturity Date | Ending Balance Prior Period | Ending Balance This Period |
|---|---|---|---|
| **CHECKING ACCOUNT** | | | |
| 92005317890065 | | $5,942.91 | $5,917.91 |
| **Total** | | $5,942.91 | $5,917.91 |

### Important Information Regarding Your Account

DUE TO THE BMS ANNUAL MEETING, THE BMS BANKING CENTER WILL BE OPEN 5AM TO 10AM PT ON MAY 22ND. ON MAY 28TH, IN OBSERVANCE OF MEMORIAL DAY, BOTH BNY MELLON AND THE BMS BANKING CENTER WILL BE CLOSED. ANY BANKING TRANSACTIONS CONDUCTED WILL BE POSTED THE FOLLOWING BUSINESS DAY. THE BMS BANKING CENTER IS AVAILABLE FOR ASSISTANCE MON-FRI FROM 8AM to 8PM ET AT (800) 634-7734, OPT 8.

**As of April 30, 2012, the funds for this case were on deposit in the following institutions as shown below:**
Citi                                    $5,917.91
**Grand Total:**                        **$5,917.91**

BNY MELLON
PO BOX 535413
PITTSBURGH, PA 15253-5413



BNY MELLON

**Statement Period**
April 1 - April 30, 2012

11-19715
OJEDA, JESUS, DEBTOR
NORMAN B NEWMAN (0000330560)

## CHECKING ACCOUNT SUMMARY                                   Account No. 92005317890065

|                        | Instances | Amount     |
|------------------------|-----------|------------|
| **Beginning Balance**  |           | $5,942.91  |
| Deposits and Additions | 0         | $0.00      |
| Withdrawals            | 1         | $(25.00)   |
| **Ending Balance**     | 1         | $5,917.91  |

## TRANSACTION DETAIL

| Date  | Description                     | Debits    | Credits | Balance    |
|-------|---------------------------------|-----------|---------|------------|
| 04/30 | BANK AND TECHNOLOGY SERVICES FEE | $(25.00) |         | $5,917.91  |
| **Totals** |                            | $(25.00) | $0.00   |            |

**As of April 30, 2012, the funds for this account were on deposit in the following institutions as shown below:**
Citi                    $5,917.91
**Grand Total:**        **$5,917.91**

**Check Number: 1001**  **Pay Date: 01/18/2012  Amount: $1,050.50**

THE BANK OF NEW YORK MELLON
500 Ross Street, Suite 154-0510, Pittsburgh, PA 15262
VOID AFTER 90 DAYS
1001
66-249/433
TID #330560

Case: 11-19715 0001  Debtor: OJEDA, JESUS
92005317890065
Compensation to Sales Agent

NORMAN NEWMAN
191 N WACKER DRIVE
SUITE 1800
CHICAGO IL 60606-1615

Date 01/10/2012    $ *******1,150.10

---One Thousand One Hundred Fifty Dollars and 10/100

Pay to the Order of:
Christopher Matsakis
Chicago Liquidators Services, Inc.
1830 N. Besly Court
Chicago IL 60622

NORMAN NEWMAN, Trustee

⑈0000 1001⑈ ⑆043302493⑆ 9200531789006 5⑈

M 1/17/2012 Gold Coast Bank »071820040« 00610001066100155G

**Check Number: 1002**  **Pay Date: 01/18/2012  Amount: $300.00**

THE BANK OF NEW YORK MELLON
500 Ross Street, Suite 154-0510, Pittsburgh, PA 15262
VOID AFTER 90 DAYS
1002
66-249/433
TID #330560

Case: 11-19715 0001  Debtor: OJEDA, JESUS
92005317890065
Expenses to Sales Agent

NORMAN NEWMAN
191 N WACKER DRIVE
SUITE 1800
CHICAGO IL 60606-1615

Date 01/10/2012    $ *********300.00

---Three Hundred Dollars and 00/100

Pay to the Order of:
Christopher Matsakis
Chicago Liquidators Services, Inc.
1830 N. Besly Court
Chicago IL 60622

NORMAN NEWMAN, Trustee

⑈0000 1002⑈ ⑆043302493⑆ 9200531789006 5⑈

M 1/17/2012 Gold Coast Bank »071820040« 00610001600100154G

Check Number: 1003   Pay Date: 02/14/2012   Amount: $8.16

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER WITH THE LOGO FADING IN THE BACKGROUND

THE BANK OF NEW YORK MELLON
500 Ross Street, Suite 154-0510, Pittsburgh, PA 15262

VOID AFTER 90 DAYS                    1003
                                      60-249/433

| Case | Debtor |
|---|---|
| 11-19715 0001 | OJEDA, JESUS |
| 92005317890065 | |

TID #330560

BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/07/2012 FOR CASE #11-19715, Bond#016026455

NORMAN NEWMAN
191 N. WACKER DRIVE
SUITE 1800
CHICAGO IL 60606-1615

Date   02/07/2012        $ ************8.16

---Eight Dollars and 16/100

Pay to the Order of:
International Sureties, Ltd.
210 Baronne Street
Suite 1700
New Orleans LA 70112

NORMAN NEWMAN, Trustee

⑈0000⑴003⑈ ⑆043302493⑆ 92005317890065⑈

>065000171< 504-729-1265
2085360167800 02-13-2012

PAY TO THE ORDER OF
WHITNEY NATIONAL BANK
INTERNATIONAL SURETIES, LTD
GLOBAL SURETY, LLC
1F ACCT# 71797544

**Check Number: 1004**     **Pay Date:** 03/20/2012     **Amount: $4,000.00**



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| In Re: | ) | BK No.: 11-19715 |
|---|---|---|
| | ) | |
| JESUS OJEDA, | ) | Chapter: 7 |
| | ) | Honorable Pamela S. Hollis |
| Debtor(s) | ) | |

**ORDER AUTHORIZING TRUSTEE TO EMPLOY SALE AGENT AND TO SELL AUTOMOBILE FROM DEBTOR'S BANKRUPTCY ESTATE**

THIS MATTER having come before this Court on the Trustee's motion to employ a sale agent and to sell a certain automobile from the Debtor's bankruptcy estate, all creditors and parties in interest having received notice and the Court being fully advised in the premises;

IT IS HEREBY ORDERED AS FOLLOWS:

A. The Trustee's motion is granted.

B. The Trustee is authorized to sell the 2007 Ford Explorer identified in the Trustee's motion, free and clear of liens, claims and encumbrances, with liens, claims and encumbrances, if any, to attach to the proceeds of the sale pursuant to §§363(b) and (f) of the Bankruptcy Code, in accordance with the Vehicle Auction Agreement attached hereto as Exhibit "A."

C. The Trustee is authorized to enter into the above-referenced Vehicle Auction Agreement and to employ Christopher Matsakis and Chicago Liquidators Services, Inc. as the Trustee's sale agent to assist the Trustee with the sale of the Automobile.

D. Christopher Matsakis and Chicago Liquidators Services, Inc. shall be entitled to receive compensation in the amount set forth in the Vehicle Auction Agreement attached as Exhibit "A" hereto, plus reimbursement of out-of-pocket expenses, subject to further order of this Court.

Enter: /s/ Pamela S. Hollis

Honorable Pamela S. Hollis
United States Bankruptcy Judge

Dated: August 25, 2011

**Prepared by:**

Jeffrey L. Gansberg
Much Shelist, et.al.
191 N. Wacker Drive Suite 1800
Chicago, IL 60606
312-521-2000
jgansberg@muchshelist.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 11-19715 |
| | ) | |
| JESUS OJEDA, | ) | Chapter: 7 |
| | ) | |
| | ) | Honorable Pamela S. Hollis |
| | ) | |
| Debtor(s) | ) | |

## ORDER AUTHORIZING TRUSTEE TO PAY
## COMPENSATION AND EXPENSES TO SALES AGENT

This cause coming to be heard on the Trustee's Motion for Authority to Pay Compensation and Expenses to Sales Agent (the "Motion"); the Motion having been properly noticed; and the Court being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted. Christopher Matsakis and Chicago Liquidators Services, Inc. are awarded compensation in the amount of $1,150.10 plus reimbursement of out-of-pocket expenses in the amount of $300.00;

2. The Trustee is authorized to pay the awarded compensation and expense reimbursement forthwith as a Chapter 7 expense of administration of this estate.

3. This Order is a final order; and this matter is a core proceeding.

Enter:

Honorable Pamela S. Hollis
United States Bankruptcy Judge

Dated: January 10, 2012

**Prepared by:**

Norman B. Newman
Much Shelist
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000
nnewman@muchshelist.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 11-19715 |
| | ) | |
| JESUS OJEDA, | ) | Chapter: 7 |
| | ) | Honorable Pamela S. Hollis |
| | ) | |
| Debtor(s) | ) | |

## ORDER AUTHORIZING THE TRUSTEE TO COMPROMISE CONTROVERSY WITH THE DEBTOR

This cause coming to be heard on the Trustee's Motion For Authority To Compromise Controversy with the Debtor (the "Motion"); notice of the Motion having been due and proper; the Court having heard from the parties present in open court; the Court having jurisdiction over this core proceeding; and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

A. Norman B. Newman (the "Trustee") is authorized to compromise his controversy with Jesus Ojeda (the "Debtor") with the Debtor being allowed a $4,000 exemption against the proceeds from the sale of the 2007 Ford Explorer that he scheduled with the remainder of the sale proceeds being the property of the bankruptcy estate.

B. The Trustee is further authorized to pay the $4,000 exemption amount to the Debtor forthwith.

Enter:

Honorable Pamela S. Hollis
United States Bankruptcy Judge

Dated: March 08, 2012

**Prepared by:**

Jeffrey L. Gansberg
Much Sheslit, P.C.
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000
jgansberg@muchshelist.com

Printed: 05/10/12 10:07 AM                                                                                                Page: 1

# Claims Proposed Distribution

## Case: 11-19715   OJEDA, JESUS

Report Includes ONLY Claims with a Proposed Distribution

**Case Balance:** $5,917.91  **Total Proposed Payment:** $5,917.91  **Remaining Balance:** $0.00

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| A | Norman B. Newman, Trustee <2100-00 Trustee Compensation> | Admin Ch. 7 | 1,500.12 | 1,500.12 | 0.00 | 1,500.12 | 1,001.93 | 4,915.98 |
| MS-E | Much Shelist, P.C. <3120-00 Attorney for Trustee Expenses (Trustee Firm)> | Admin Ch. 7 | 195.84 | 195.84 | 0.00 | 195.84 | 130.80 | 4,785.18 |
| MS-F | Much Shelist, P.C. <3110-00 Attorney for Trustee Fees (Trustee Firm)> | Admin Ch. 7 | 7,164.50 | 7,164.50 | 0.00 | 7,164.50 | 4,785.18 | 0.00 |
| **SUBTOTAL FOR ADMIN CH. 7** | | | 8,860.46 | 8,860.46 | 0.00 | 8,860.46 | 5,917.91 | |
| **Total for Case 11-19715 :** | | | $8,860.46 | $8,860.46 | $0.00 | $8,860.46 | $5,917.91 | |

## CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| Total Administrative Claims : | $8,860.46 | $8,860.46 | $0.00 | $5,917.91 | 66.790099% |

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-19715
Case Name: OJEDA, JESUS
Trustee Name: NORMAN NEWMAN

**Balance on hand:**  $ 5,917.91

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors:  $ 0.00
Remaining balance:  $ 5,917.91

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Norman B. Newman, Trustee | 1,500.12 | 0.00 | 1,001.93 |
| Attorney for Trustee, Fees - Much Shelist, P.C. | 7,164.50 | 0.00 | 4,785.18 |
| Attorney for Trustee, Expenses - Much Shelist, P.C. | 195.84 | 0.00 | 130.80 |

Total to be paid for chapter 7 administration expenses:  $ 5,917.91
Remaining balance:  $ 0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:  $ 0.00
Remaining balance:  $ 0.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

UST Form 101-7-TFR (05/1/2011)

| | Total to be paid for priority claims: | $ | 0.00 |
|---|---|---|---|
| | Remaining balance: | $ | 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | Total to be paid for timely general unsecured claims: | $ | 0.00 |
|---|---|---|---|
| | Remaining balance: | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | Total to be paid for tardy general unsecured claims: | $ | 0.00 |
|---|---|---|---|
| | Remaining balance: | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | Total to be paid for subordinated claims: | $ | 0.00 |
|---|---|---|---|
| | Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**