## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 7** |
| | ) | **Case No. 11 B 19715** |
| **JESUS OJEDA,** | ) | **Hon. Pamela S. Hollis** |
| | ) | |
| Debtor. | ) | |

## APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

Much Shelist, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein, (the "Trustee") moves this Court, pursuant to Section 330 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period July 26, 2011 through May 7, 2012. In support of this application, Much Shelist states as follows:

1.      On May 9, 2011, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. The Trustee was subsequently appointed interim trustee, qualified and continues to serve as Trustee in this case.

2.      On August 9, 2011, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case.

3.      Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any person or firm whatsoever with regard to its compensation in this case. To date, Much Shelist has not received any compensation for services rendered as attorneys for the Trustee.

4       Much Shelist is entitled to receive final compensation in the amount of $7,164.50 plus reimbursement of expenses in the amount of $195.84 for services rendered during the period of July 26, 2011 through May 7, 2012.

5.      Much Shelist provided 15.00 hours of services on behalf of the Trustee during the time period covered by this application.

6.      The following is a summary of time expended, by individual, during the time period covered by this application.

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 6.10 hrs. | $595.00/hr. | $3,629.50 |
| Jeffrey L. Gansberg | 8.90 hrs. | $397.19/hr.* | 3,535.00 |
| | | | |
| TOTAL | 15.00 hrs. | | $7,164.50 |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

7.      Attached hereto as Exhibit "A" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

8.      At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

A.      **General Administration (Tab No. 1):**      Much Shelist provided 6.80 hours of general administrative services to the Trustee. According to the Debtor's Schedule B – Personal Property, the Debtor had an ownership interest in a 2007 Ford Explorer (the "Vehicle") valued at 15,000.00. The Debtor claimed an exemption in the amount of 2,400.00 on the Vehicle. After the Trustee sold the Vehicle for the sum of $11,501.00 and served notice of his Motion for Authority to pay his sales agent, the Debtor, through his counsel filed an amended Schedule C –

Property Claimed as Exempt, amending his exemption claim on the Vehicle to reflect the original amount of $2,400.00 plus a wildcard exemption in the amount of $3,700.00. Counsel performed researched on the validity of stacking exemptions after an asset has been sold by Trustee and prepared pleadings and appeared in Court on Trustee's Objection to Debtor's Exemption. Much Shelist attorneys engaged in telephonic and written communications with Debtor's counsel to negotiate a settlement with Debtor and prepared and appeared in Court on the Trustee's Motion to Compromise Controversy. The Debtor's exemption claim was settled for the sum of $4,000.00. The individuals who provided services in connection with this matter and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 1.30 hrs. | $595.00/hr. | $773.50 |
| Jeffrey L. Gansberg | 5.50 hrs. | $400.00/hr. | 2,200.00 |
| | | | |
| TOTAL | 6.80 hrs. | | $2,973.50 |

B.   **Retention of Professionals (Tab No. 2):**  A total of 4.00 hours of time was expended by Much Shelist on the preparation of pleadings and appearance in Court on the Trustee's Motion to Employ Attorneys and on the Trustee's Motion to Employ Christopher Matsakis and Chicago Liquidators Services ("CLS") as Sales Agent. Attorneys for the Trustee communicated telephonically and through written correspondence with CLS regarding their employment agreement and the Order granting their employment.

The individual who provided services in connection with this matter and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 1.50 hrs. | $595.00/hr. | $892.50 |
| Jeffrey L. Gansberg | 2.50 hrs. | $390.00/hr. | 975.00 |
| | | | |
| TOTAL | 4.00 hrs. | | $1,867.50 |

E.    **Fee Matters (Tab No. 3):**  A total of 4.20 hours of time was expended by Much

Shelist on the preparation and filing of CLS's final fee application.  The individuals who

provided services in connection with this matter and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 3.30 hrs. | $595.00/hr. | $1,963.50 |
| Jeffrey L. Gansberg | .90 hrs. | $400.00/hr. | 360.00 |
| | | | |
| **TOTAL** | **4.20 hrs.** | | **$2,323.50** |

9.    During the time period covered by this Application, Much Shelist incurred out-of-

pocket expenses in the amount of $195.84.  Attached hereto as Exhibit "B" is an itemization of

Much Shelist's out-of-pocket expenses.  The charge for photocopies is 10¢ per page.  Facsimile

charges are billed at the rate of $1.00 per page, incoming and outgoing.  Much Shelist asserts that

these out-of-pocket expenses were reasonable and necessary expenses incurred in its

representation of the Trustee.

10.    The services which Much Shelist provided as counsel for Trustee during the time

period covered by this application were reasonable and necessary and resulted in a benefit to this

estate and to the Trustee.  There are insufficient funds to pay Chapter 7 administrative expenses

in full.  However, there were no proofs of claim filed and the Debtor received payment on his

exemption claim.

**WHEREFORE**, Much Shelist, P.C. respectfully requests that this Court enter an Order

as follows:

1.    Granting this Application and awarding Much Shelist final compensation in the

amount of $7,164.50 plus reimbursement of out-of-pocket expenses in the amount of $195.84 for

services rendered during the period July 26, 2011 through May 7, 2012.

2.    Authorizing the Trustee to pay Much Shelist the amount awarded forthwith as a

Chapter 7 expense of administration of this estate; and

3.    Granting such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

**Much Shelist, P.C.**


_/s/ Norman B. Newman_
**Norman B. Newman, Trustee**


Norman B. Newman (Atty. ID#02045427)
**MUCH SHELIST, P.C.**
191 N. Wacker Drive ,Suite 1800
Chicago, IL 60606
(312) 521-2000